IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10075
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JOSEPH LEE RICHEY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-70-A(1)
- - - - - - - - - -
November 21, 1995

Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the judgment of conviction and sentence, and the district court's order denying specific performance of the plea agreement. Appellant argues that the Government did not reserve to itself the "sole" discretion to determine whether he had provided substantial assistance and alternatively that the Government's refusal to file the § 5K1.1 motion was based on an improper motive. We have reviewed the

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. United States v. Richey, No. 4:94-CR-70-A(1) (N.D. Tex. Jan. 20, 1995).

Richey also argues for the first time on appeal that the district court erred in attributing to him the entire amount of losses arising out of the fraudulent telemarketing scheme and the entire amount of the bogus tax refunds generated in the fraudulent tax return scheme. The calculation of the amount of loss is a factual finding. United States. v. Wimbish, 980 F.2d 312, 313 (5th Cir. 1992), cert. denied, 113 S. Ct. 2365 (1993). "[Q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." United States v. Guerrero, 5 F.3d 868, 871 (5th Cir. 1993), cert. denied, 114 S. Ct. 1111 (1994) (citation omitted).

AFFIRMED.